NICHOLAS VASSALLO
United States Attorney
JASMINE M. PETERS (WY Bar # 7-5714)
Assistant United States Attorney
PO Box 668
Cheyenne, WY 82003-0668
(307) 772-2124
jasmine.peters@usdoj.gov

### UNITED STATES DISTRICT COURT

### DISTRICT OF WYOMING

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>**MATTHEW T. BULLIS,**<br><br>　　　　　Defendant. | Criminal No. 2:01-cr-00105-CAB-1 |

### PLAINTIFF'S RESPONSE TO MOTION TO QUASH SUBPOENA

Plaintiff, the United States of America, by and through the United States Attorney for the District of Wyoming, and Assistant United States Attorney Jasmine M. Peters, submits this response to Amber Bullis' Motion to Quash Subpoena, filed on February 21, 2023. (*See* Doc. 60).

#### BACKGROUND

Last year, the United States sent Defendant Matthew Bullis Interrogatories and Requests for Production to enforce against the Judgment in a Criminal Case ("Judgment") (Doc. 28). Pursuant to the Judgment and Order Adjusting Restitution (Doc. 39), Mr. Bullis was ordered to pay $647,112.50 in restitution to numerous victims. As of this filing, Mr. Bullis owes $541,588.25 in restitution. Mr. Bullis refused to provide timely answers or responses and failed to appear for

the Order to Show Cause Hearing. His inaction resulted in the Court issuing a bench warrant. (*See* Doc. 54); (Doc. 55).

On July 12, 2022, Mr. Bullis appeared before the Court in custody. (Doc. 57). At the hearing, Mr. Bullis was released from custody and ordered to provide documents, including bank account statements, to the United States to satisfy the discovery requests within thirty days. (*See* Doc. 57); (Doc. 58). On August 2, 2022, Mr. Bullis provided some bank account information and records to the United States by email. Mr. Bullis provided bank statements from JP Morgan Chase Bank, N.A. ("Chase") for accounts ending in 2570 and 6682. According to his interrogatory answers, these were the only accounts he claimed to hold an interest.

After reviewing those records, the United States identified additional accounts involved in numerous financial transactions. Specifically, the United States identified several financial transactions that involved accounts ending in 1769 and 6847. Several large transactions of over $10,000.00 were made from account 2570 to 1769 in 2021 and 2022. These large transactions were in addition to smaller transactions. Because Mr. Bullis did not provide statements for the accounts ending in 1769 and 6847, the United States asked Mr. Bullis for that information. In response, Mr. Bullis stated the accounts were not his but his in-laws and out of his reach.

In a diligent effort to determine the scope of Mr. Bullis' assets and to enforce against the Judgment, pursuant to the Federal Debt Collection Procedure Act ("FDCPA"), 28 U.S.C. § 3001 *et seq.*, the United States subpoenaed Chase for account information related to Mr. Bullis. The purpose of the subpoena was to verify that Mr. Bullis did not maintain any additional bank accounts that could be subject to enforcement. The subpoena specified the United States only sought account numbers held by Mr. Bullis and only "the customer's name, address, account

number, and type of account." Because of the limited scope of the subpoena, the Right to Financial Privacy Act ("RFPA") did not apply. *See* 12 U.S.C. § 3413(e), (g).

On January 26, 2023 and February 1, 2023, Chase provided responses to the United States' subpoena. The United States learned Mr. Bullis is an account holder to three checking accounts, including accounts ending in 2570, 1769, and 6682.[1] Mr. Bullis and Mrs. Bullis are joint account holders for the accounts ending in 1769 and 6682.

As a result, on February 8, 2023, the United States issued a second subpoena to Chase seeking bank account statements from January 2021 to January 2023 and current balances for accounts ending in 1769 and 6682. Because Mrs. Bullis is a joint account holder, the United States informed Chase to not produce the requested documents until it receives a certificate from the United States Attorney's Office indicating the requirements of the RFPA have been satisfied. The United States also provided notice to Mrs. Bullis of the subpoena.

## LEGAL STANDARD

When collecting a debt, the FDCPA allows the United States to serve a subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure anywhere in the United States. *See* 28 U.S.C. § 3004(b). Additionally, when the United States seeks information regarding a named party to litigation, the United States is not required to comply with the RFPA. *See* 12 U.S.C. § 3413(e). However, if the records sought are of an individual who is not a named party to litigation, the United States must comply with the RFPA.

For Mrs. Bullis to successfully challenge a subpoena, she must satisfy the requirements under 12 U.S.C. § 3410. The relevant portion of that statute provides:

---

[1] Mr. Bullis and his parents are joint account holders of account 2570. Mrs. Bullis is the sole account holder of account 6847.

> Within ten days of service or within fourteen days of mailing of a subpoena, summons, or formal written request, a customer may file a motion to quash an administrative summons or judicial subpoena, or an application to enjoin a Government authority from obtaining financial records pursuant to a formal written request, with copies served upon the Government authority. A motion to quash a judicial subpoena shall be filed in the court which issued the subpoena. A motion to quash an administrative summons or an application to enjoin a Government authority from obtaining records pursuant to a formal written request shall be filed in the appropriate United States district court. Such motion or application shall contain an affidavit or sworn statement—
>
> (1) stating that the applicant is a customer of the financial institution from which financial records pertaining to him have been sought; and
>
> (2) stating the applicant's reasons for believing that the financial records sought are not relevant to the legitimate law enforcement inquiry stated by the Government authority in its notice, or that there has not been substantial compliance with the provisions of this chapter.
>
> Service shall be made under this section upon a Government authority by delivering or mailing by registered or certified mail a copy of the papers to the person, office, or department specified in the notice which the customer has received pursuant to this chapter. For the purposes of this section, "delivery" has the meaning stated in rule 5(b) of the Federal Rules of Civil Procedure.

12 U.S.C. § 3410(a). Mrs. Bullis has not satisfied these requirements.

### ARGUMENT

The United States has good cause and is entitled to obtain the current balances and statements of accounts ending in 1769 and 6682. The United States properly served the Rule 45 subpoena on Chase and has complied with the RFPA. *See United States v. Penatello*, 338 F.R.D. 524 (E.D. N.Y. 2021) (denying a motion to quash subpoena of defendant and his spouse on joint account because it was relevant to legitimate financial investigation). Mr. Bullis is a joint account holder of the accounts and Defendant in this action. *See* 12 U.S.C. § 3413(e); *see, e.g.*, *United States v. Cimino*, 219 F.R.D. 695 (N.D. Fla. 2003) (stating RFPA does not apply to joint accounts with the defendant/party).

Although the Tenth Circuit has not addressed whether a spouse who is a joint account holder with the defendant may challenge a subpoena for bank account records, the United States nevertheless provided Mrs. Bullis with notice of the subpoena. Assuming, without conceding, the RFPA applies, Mrs. Bullis does not satisfy the requirements to successfully challenge the subpoena in this case.

In her motion to quash, Mrs. Bullis does not provide the Court with a legitimate reason to preclude the United States from obtaining the information it seeks. *See* 12 U.S.C. § 3410(a)(2); *see also* FED. R. CIV. P. 45(d)(3). She does not claim the financial records are irrelevant to a legitimate law enforcement inquiry or that the United States has failed to comply with the RFPA. *See* 12 U.S.C. § 3410(a). She also does not argue any of the reasons for the Court to quash a subpoena under FED. R. CIV. P. 45(d)(3). Instead, Mrs. Bullis claims the accounts were set up independently for her personal use and explains the impact the Judgment has had on her relationship. (*See* Doc. 60). Taking Mrs. Bullis' statements as true does not negate the fact that Mr. Bullis is a joint account holder and Defendant, who maintains an interest in the funds held in accounts 1769 and 6682, and that numerous financial transactions have occurred between account 2750 and 1769.

The United States' subpoena is relevant to the financial investigation against Mr. Bullis and there is reason to believe Mr. Bullis has funds subject to enforcement in accounts 1769 and 6682. Mr. Bullis was not forthright in listing account 1769 in his answers to interrogatories and when the United States informally inquired about this account. In fact, Mr. Bullis failed to disclose any ownership in it. It was only through issuing a subpoena to Chase that the United States learned Mr. Bullis maintains an interest in account 1769 with his spouse. Furthermore, the United States has complied with the RFPA, and Mrs. Bullis has not argued otherwise. Accordingly, the

United States requests the Court deny the motion to quash within seven days of this response. *See* 12 U.S.C. § 3410.

## CONCLUSION

For the reasons stated above, the United States requests the Court deny Mrs. Bullis' motion to quash the subpoena and authorize the United States to obtain the documents requested from JP Morgan Chase Bank, N.A. in its efforts to enforce against the restitution owed pursuant to the Judgment in this case.

DATED this 7th day of March 2023.

                    NICHOLAS VASSALLO
                    United States Attorney

By:   */s/ Jasmine M. Peters*
       JASMINE M. PETERS
       Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2023, I served a true and correct copy of the foregoing upon Mrs. Bullis and Defendant, *pro se*, by depositing with the United States Postal Service, first-class postage prepaid, as follows:

Amber Bullis
13847 W. 22nd Avenue
Golden, CO 80401

Matthew T. Bullis
13847 W. 22nd Avenue
Golden, CO 80401

                    */s/ Teresa L. Fisher*
                    Teresa L. Fisher
                    United States Attorney's Office