**FILED**



4:01 pm, 3/14/23

**Margaret Botkins**
**Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

MATTHEW T. BULLIS,

        Defendant,

and

AMBER BULLIS,

        Movant.

Case No.  01-CR-105-B-1

## ORDER DENYING AMBER BULLIS'S MOTION (ECF 61) TO QUASH THE GOVERNMENT'S SUBPOENA TO JP MORGAN CHASE BANK, N.A.

The pro se Movant, Amber Bullis, is Defendant's wife.  Defendant currently owes $541,588.25 in restitution under a judgment and order of this Court.  ECF 28, 39.  Mrs. Bullis moves (ECF 61) to quash a subpoena that the government issued to JP Morgan Chase Bank, N.A. as part of its efforts to enforce the judgment against Defendant, Matthew T. Bullis.  In a notarized affidavit, she states that "the accounts in question were set up independently of my husband for my personal usage. ... If it helps me stay independent [of her husband's 'past problems'] I am willing to remove my husband from any mutual accounts to alleviate any future issues." *Id.* Mrs. Bullis's affidavit also asserts that the government's subpoena and other efforts to collect on Defendant's restitution obligation have stressed their relationship.

The government responds in detail regarding its prior and current efforts to collect the judgment against Mr. Bullis.  ECF 61.  The Court relies on all of the facts stated therein and summarizes here.  In relevant part, Mr. Bullis failed to answer prior discovery from the government regarding his assets, failed to appear at a show cause hearing on that failure to provide discovery, was arrested and on his appearance in custody, was ordered to provide documents including bank account statements, within thirty days.  He timely provided some bank account information for two accounts at JP Morgan Chase (ending in 2570 and 6682).  Account 2570 is Mr. Bullis's joint account with his parents.  The information he produced showed many transactions with two other accounts (ending in 1769 and 6847).  Mr. Bullis later told the government those accounts were his in-laws' and beyond his reach.

However, the government learned (by a first subpoena to Chase) that Mr. Bullis's disclosure was incomplete and inaccurate.  The first subpoena to Chase sought all account information related to Mr. Bullis.  The government issued the subpoena under the Federal Debt Collection Procedure Act ("FDCPA"), 28 U.S.C. § 3001 *et seq*.  The bank's response to the first subpoena showed that Mr. Bullis is an account holder on three checking accounts ending in 2570 (the one with his parents), 1769 (with Mrs. Bullis) and 6682 (also with Mrs. Bullis).[1]  There were significant transactions between the four accounts (1769, 2570, 6682 and 6847) in the last few years.

Finally, the government issued a second subpoena to Chase (the subpoena at issue in Mrs. Bullis's motion) for bank account statements from January 2021 to January 2023 and current balances for the accounts ending in 1769 and 6682.  ECF 61 at 3 (response brief describing scope

---

[1] Mrs. Bullis is also a sole account holder on another account ending in 6847.  Mrs. Bullis did not include with her motion the "Attachment A" to the subpoena, which describes the documents requested.  It appears from the government's motion that the subpoena does not request information regarding account 6847.  ECF 61 at 3.

2

of the subpoena at issue). Those are, again, Mr. Bullis's joint accounts with Mrs. Bullis. Pursuant to the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. § 3410 et seq., the government "informed Chase to not produce the requested documents until it receives a certificate from the United States Attorney's Office indicating the requirements of the RFPA have been satisfied. [It] also provided notice to Mrs. Bullis of the subpoena." *Id.*

As the government notes, Mrs. Bullis's motion is governed by a provision of the RFPA. To successfully quash the subpoena, she must state among other things her "reasons for believing that the financial records sought are not relevant to the legitimate law enforcement inquiry stated by the Government authority in its notice, or that there has not been substantial compliance with the provisions of this chapter." 12 U.S.C. § 3410(a)(2). In this instance, the motion states on the one hand that the accounts at issue (1769 and 6682) "were set up independently of [her] husband for [her] personal usage," and on the other hand, she is "willing to remove [her] husband from any mutual accounts to alleviate any future issues."

The government's response states that based on the bank's response to the first subpoena, Defendant is a joint account holder with Mrs. Bullis on the accounts at issue. The government filed its response on March 7, 2023 and certified service to Defendant and Mrs. Bullis by mail that day. The RFPA provides that "[a]ll … proceedings shall be completed and the motion or application decided within seven calendar days of the filing of the Government's response." 12 U.S.C. § 3410(b). As of this order, Mrs. Bullis has not filed a reply or sought a hearing.

Based on the facts stated in the government's response, "there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry." *Id.* § 3410(c). Mr. Bullis has an outstanding obligation to pay restitution. The government is entitled to discovery relevant to its enforcement and collection

efforts.  The standard for relevance under this statute is broad.  *See, e.g., United States v. Wilson,* 571 F. Supp. 1417, 1420 (S.D.N.Y. 1983) ("relevant to a 'legitimate law enforcement inquiry,' and not ... in a narrow, evidentiary sense"), *conviction aff'd without reaching issue,* 750 F.2d 7 (2d Cir. 1984); *Sandsend Fin'l Consultants, Ltd., v. Fed. Home Loan Bank Bd.,* 878 F.2d 875, 882 (5th Cir. 1989).  Here, Mr. Bullis is a joint account holder on the two accounts at issue (ending in 1769 and 6682).  At the very least, this makes information about these accounts directly relevant to the government's enforcement of Mr. Bullis's restitution obligation.  *See, e.g.,* 28 U.S.C. § 3205(a) (FDCPA authorizes garnishment against property in which debtor has a "substantial nonexempt interest, and which is in the possession, custody, or control of a person other than the debtor"); 12 U.S.C. § 3413(e) (RFPA does not apply "when financial records are sought by a Government authority under the Federal Rules of Civil or Criminal Procedure ... in connection with litigation to which the Government authority and the customer [here, Mr. Bullis] are parties"). *See also United States v. Silverman,* No. 18-cr-00407-PAB, 2019 WL 6799460, at *11-12 (D. Colo. Dec. 13, 2019), *rec. adopted,* 18-cr-407-PAB ECF 66 (D. Colo. Jan. 16, 2020) (discussing garnishment against joint account of defendant owing restitution); *See, e.g., United States v. Childs,* No. CR-09-146-D, 2018 WL 775018, at *4 (W.D. Okla. Feb. 7, 2018) (denying motion to quash subpoena for bank information on wife's joint account with defendant owing restitution). *United States v. Penatello,* 338 F.R.D. 524, 525-27 (E.D.N.Y. 2021) (denying motion to quash government's post-judgment subpoena regarding joint mortgage account). *See also United States v. Cimino,* 219 F.R.D. 695, 697 (N.D. Fla. 2003) (holding RFPA does not apply to the government's post-judgment discovery on joint accounts with the defendant/party).

Even if the subpoena also regards the account on which Mrs. Bullis is the sole account holder (ending in 6847), information regarding that account is likewise relevant based on the

4

significant transactions the government notes in which money was transferred from Mr. Bullis's joint account to the account ending in 6847. The alleged transfers occurred well after Mr. Bullis's restitution obligation began.

The analysis is also the same under Federal Rule of Civil Procedure 45(d)(3). While the requested information includes financial information of Mrs. Bullis that would otherwise likely be confidential, it is subject to the exception provided in § 3410 of the RFPA discussed above. Accordingly,

IT IS ORDERED that the motion to quash is DENIED; and

IT IS FURTHER ORDERED pursuant to 12 U.S.C. § 3410(c) that the government's subpoena shall be enforced.

Dated this 14th day of March, 2023.

NANCY D. FREUDENTHAL
UNITED STATES SENIOR DISTRICT JUDGE