# UNITED STATES DISTRICT COURT

# DISTRICT OF WYOMING

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | **Criminal No. 2:01-cr-00105-CAB-1** |
| **MATTHEW T. BULLIS,** | |
| Defendant, | |
| and | |
| **RAPID APPLICATIONS GROUP, LLC,** | |
| Garnishee. | |

## PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE

Plaintiff United States of America, by and through the United States Attorney for the District of Wyoming, and Assistant United States Attorney Jasmine M. Peters, respectfully moves this Court, for an Order to Show Cause as to why Garnishee, Rapid Applications Group, LLC, has not provided Plaintiff with the correct withholdings under the 2019 garnishment.

### PROCEDURAL BACKGROUND

On April 18, 2002, the United States District Court for the District of Wyoming entered a Criminal Judgment against Defendant Matthew T. Bullis. (Doc. 28). As part of his sentence, Defendant was ordered to pay restitution in the amount of $662,112.50. (*Id.*). A subsequent Judgment and Order Adjusting Restitution reduced the restitution amount to $647,112.50. (Doc. 39). As of this filing, Defendant owes $535,761.25 in restitution to non-federal victims.

After this Court entered the Criminal Judgment against Defendant, the United States Attorney's Office for the District of Wyoming ("USAO") began enforcing against the debt. In August of 2019, Plaintiff filed a Writ of Garnishment against Defendant Matthew T. Bullis and his employer, Garnishee Rapid Applications Group, LLC under the Federal Debt Collection Procedure Act ("FDCPA"). (Doc. 44); *see also* 28 U.S.C. § 3205.

On August 16, 2019, Garnishee filed a written Answer to the garnishment and stated it anticipated owing $5,000 on a bimonthly basis to Defendant as regular salary for employment. (Doc. 46). Garnishee anticipated Defendant's disposable earnings to be $3,884.87. (*Id.*). The Answer was signed and filed by Heather Kalinch, President of Rapid Applications Group, LLC. (*Id.*). This Court entered a Final Order in Garnishment on August 29, 2019. (Doc. 48). The Court ordered Garnishee "to pay into the hands of the Clerk of the United States District Court for the District of Wyoming 25% of each monthly benefit held by Garnishee and owed to defendant." (*Id.* at 1).

## FEDERAL DEBT COLLECTION PROCEDURE ACT

Under the FDCPA, if a garnishee fails to answer the writ of garnishment or withhold the correct amounts, then the garnishee will be held responsible. Section 3205(c)(6) states:

> If a garnishee fails to answer the writ of garnishment *or to withhold property in accordance with the writ*, the United States may petition the court for an order requiring the garnishee to appear before the court to answer the writ and to so withhold property before the appearance date. *If the garnishee fails to appear, or appears and fails to show good cause why the garnishee failed to comply with the writ, the court shall enter judgment against the garnishee for the value of the judgment debtor's nonexempt interest in such property (including nonexempt disposable earnings)*. The court may award a reasonable attorney's fee to the United States and against the garnishee if the writ is not answered within the time specified therein and a petition requiring the garnishee to appear is filed as provided in this section.

28 U.S.C. § 3205(c)(6) (emphasis added). In addition, when an action to enforce against a postjudgment garnishment is brought, the United States is entitled to a 10% surcharge on the recovered debt. 28 U.S.C. § 3011(a).

**INVESTIGATION**

In early 2022, the USAO reviewed Defendant's file. At that time, it was apparent that Garnishee failed to provide any payments under the garnishment to the Clerk of District Court pursuant to the Final Order in Garnishment ("Order"). (*See* Doc. 48). To resolve the issue, the USAO contacted Garnishee and spoke with Stephanie Bullis on behalf of Garnishee over the phone. Ms. Bullis confirmed Defendant's continued employment with Garnishee. On April 1, 2022, the USAO emailed Stephanie Bullis on behalf of Garnishee. In that email, the USAO provided Garnishee with a copy of the Order, Answer, Application for Writ of Garnishment, and Writ. Ms. Bullis did not respond to the April 1, 2022 email.

On April 15, 2022, a follow up email was sent to Ms. Bullis demanding payment of the outstanding back-owed garnishment amounts. Ms. Bullis responded via email and stated Garnishee would provide $63,129 as payment for the back-owed garnishment amounts and agreed to send quarterly payments going forward to comply with the Order.

Garnishee paid $63,129 for the back-owed garnishment payments from August 16, 2019 through April 20, 2022. *See* Ex. 1 at 2. Since that payment, Garnishee has submitted four additional payments: (1) $3,885 on August 1, 2022; (2) $5,827 on October 17, 2022; (3) $5,827 on January 17, 2023; and (4) $5,827 on April 24, 2023. *Id.*

After purportedly resolving the outstanding garnishment payments with Garnishee, the USAO continued to investigate Defendant. In doing so, our office sent Defendant discovery, sought this Court's assistance with compliance, and ultimately issued subpoenas for Defendant's

bank records. From the responses to the subpoenas, the USAO discovered that Garnishee was not truthful in answering the Writ and has failed to withhold the correct amount under the Order.

According to the bank statements (and estimated payroll), from August 20, 2019 through April 20, 2022, Rapid Applications paid Mr. Bullis $838,938.56. Ex. 2 at 1–2.[1] Under the Order, Garnishee was required to withhold 25% of Mr. Bullis's disposable income. (Doc. 48). Twenty-five percent of $838,938.56 is $209,825.77. Ex 2 at 2. After accounting for the $63,129 paid in 2022, Garnishee still owes $146,696.77 in back-owed garnishment payments. *Id.*

The USAO also reviewed Defendant's bank records from May 2022 through April 2023. *See id.* at 2–3. Based on Defendant's records (and estimated payroll) from May 5, 2022 through July 4, 2023, Garnishee paid Defendant $325,596.36. *Id.* at 3. Twenty-five percent of $325,596.36 is $81,399.08. *Id.* After accounting for the payments from August 2022 ($3,885), October 2022 ($5,827), January 2023 ($5,827), and April 2023 ($5,827), Garnishee still owes $60,033.88 in back-owed garnishment payments. *Id.*

As depicted in Exhibit 2, Garnishee owes approximately $206,729.85 in back-owed garnishment payments for failing to withhold 25% of Defendant's disposable, non-exempt income since August of 2019. The USAO notified Garnishee via email, mail, and certified mail of the back-owed garnishment payments and demanded payment on April 21, 2023. Garnishee failed to respond.

## CONCLUSION

Garnishee failed to withhold and pay to the Clerk of United States District Court the correct amounts owed to Defendant under the garnishment since its inception. *See* Ex. 2. As such,

---

[1] Exhibit 2 is a summary of Defendant's bank records that relate to the 2019 garnishment. The summary was created by the USAO. If requested, the USAO will provide the Court with a redacted copy of the relevant bank records.

Garnishee should be found in contempt of the Order. The USAO asks this Court to set an order to show cause hearing to require Garnishee to appear and show cause as to why it has not complied with the Order and to order Garnishee to pay $206,729.85 in outstanding back-owed garnishment payments to the Clerk of United States District Court to purge itself of contempt. *See also* 28 U.S.C. § 3205(6). In addition, the USAO requests the Court order a surcharge of 10% of the amount of the debt in connection with the recovery of the debt pursuant to 28 U.S.C. § 3011(a). Finally, the USAO asks the Court to order Garnishee to provide payment of 25% of Defendant's disposable income, estimated to be $10,649.67 per pay period.

DATED July 6, 2023.

NICHOLAS VASSALLO
United States Attorney

By:     /s/ Jasmine M. Peters
Jasmine M. Peters
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2023, I served a true and correct copy of the foregoing upon Garnishee and Defendant by depositing with the United States Postal Service, first-class postage prepaid, as follows:

Matthew T. Bullis
13847 W. 22nd Avenue
Golden, CO 80401

Stephanie Bullis
Rapid Applications Group, LLC
4393 Pierson St.
Wheat Ridge, CO 80401

/s/ Kendall Lilly
Kendall Lilly
United States Attorney's Office